**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MELISSA BALIN,<br><br>            Plaintiff,<br><br>       vs.<br><br>CITY OF LOS ANGELES et al.,<br><br>          Defendants. | Case No. CV 13-9395-PSG (JPR)<br><br>ORDER DISMISSING ACTION WITH LEAVE TO AMEND |

On January 8, 2014, Plaintiff filed a 76-page, single-spaced civil-rights Complaint naming 106 Defendants and listing 44 claims arising out of various events spanning from October 2011 to November 2013, along with several hundred pages of exhibits. That same day, Magistrate Judge Sheri Pym, who was then assigned to this case, granted Plaintiff's request to proceed in forma pauperis.

On April 2, 2014, after screening the Complaint under 28 U.S.C. § 1915(e)(2), Judge Pym dismissed it with leave to amend because it suffered from numerous deficiencies.  She granted Plaintiff leave to file an amended complaint, expressly informing her that the identified deficiencies "d[id] not call for a lengthier complaint" and any amended complaint "should be more

1

1    focused on detailing allegations of fact that support genuine
2    federal civil rights violations" and "limited to non-immune
3    defendants and those defendants against whom plaintiff has viable
4    civil rights claims." (Apr. 2, 2014 Order at 33-34.)  Judge Pym
5    specifically cautioned Plaintiff that "her failure to timely
6    comply with this Order may result in a recommendation that this
7    action be dismissed." (Id. at 34.)

8        On May 2, 2014, Plaintiff filed a 94-page, single-spaced
9    First Amended Complaint ("FAC"), this time naming 110 Defendants
10   and listing 50 claims.  In addition to 105 of the original
11   Defendants,[1] Plaintiff named Lynwood County Women's Jail, the Los
12   Angeles County Department of Mental Health, the Los Angeles
13   County Mental Health Court, and the Metropolitan Detention
14   Facility. (FAC at 17-19.)  Plaintiff also named Magistrate Judge
15   Pym as a Defendant, alleging that she had violated Plaintiff's
16   due process rights by "refus[ing] to recuse herself" and
17   "fail[ing] to intervene with alacrity in judicial cognizance of
18   unconscionable civil rights violations." (FAC at 19, 90-91.)
19   Judge Pym therefore recused herself from the case; on May 12,
20   2014, it was reassigned to the undersigned Magistrate Judge.  On
21   May 13, 2014, the District Judge ordered Plaintiff to show cause
22   why her claims against Judge Pym should not be dismissed on the
23   basis of judicial immunity; on May 28, having received no
24   response from Plaintiff, the District Judge dismissed those
25   claims without leave to amend.

26

27        [1]Of the 106 Defendants named in the original Complaint,
28   "County of Long Beach," a nonexistent entity, was the only one
     not named in the FAC. (See Compl. at 17.)

1    Under Federal Rule of Civil Procedure 41(b), "the district
2    court may dismiss an action for failure to comply with any order
3    of the court." <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.
4    1992).  Here, Plaintiff has clearly failed to comply with the
5    April 2, 2014 Order dismissing her Complaint with leave to amend,
6    as the FAC simply flouts the bulk of its instructions.  For
7    example, the Order clearly advised Plaintiff that the 10 state-
8    court judges named as Defendants in the Complaint must be
9    dismissed because they are entitled to absolute immunity for
10   actions taken within their judicial capacity (<u>see</u> Apr. 2, 2014
11   Order at 15-16), but the FAC nevertheless names those same
12   judges, as well as Magistrate Judge Pym, who was then presiding
13   over this case (FAC at 9-10, 17-18).  The FAC continues to name
14   prosecutors and court clerks who are immune from suit, as well as
15   various private actors who are not proper defendants in a § 1983
16   action (<u>see</u> FAC at 3-19), also in contravention of the April 2,
17   2014 Order (<u>see</u> Apr. 2, 2014 Order at 14-15 (explaining that
18   Indigent Criminal Defense Appointments Program, various private
19   attorneys, and an investigator were not state actors and thus not
20   proper defendants in § 1983 action), 16 (explaining that
21   Complaint failed to state claim against court clerks and in any
22   event they are entitled to immunity), 17-18 (stating that
23   Complaint failed to state claim against various prosecutors and
24   in any event they are entitled to immunity).

25       The Order also advised Plaintiff that she had failed to
26   identify any official municipal policy or custom that resulted in
27   the alleged constitutional violations, as required by <u>Monell v.</u>
28   <u>Dep't of Soc. Svcs.</u>, 436 U.S. 658 (1978), and thus that her

1   numerous municipal-entity and official-capacity claims must be
2   dismissed.  (Apr. 2, 2014 Order at 13-14.)  But Plaintiff
3   nevertheless reasserts her Monell claims in the FAC, and she
4   fails to state any additional relevant facts – as opposed to
5   vague and conclusory allegations – in support of them.  (See,
6   e.g., FAC at 36 (alleging Los Angeles Sheriff's Department had
7   "reckless and careless custom" of "ignor[ing] arrestees' pleas
8   for medical attention," which had "resulted in several in-custody
9   deaths"), 37 ("as in the current Federal probe against EIGHTEEN
10  members of the LA Sheriff's Department in the case of Anthony
11  Brown, that changing or intentionally misspelling an inmate's
12  name in order to hide them in the system is a common practice of
13  retaliation"), 76 (various defendants "conspired in concert to
14  implement unconstitutional policies against the peaceful
15  protesters, activists, and sympathizers involved with the Occupy
16  Wall Street Movement"); see also id. at 43, 76-77.)  Such vague
17  and conclusory statements are insufficient to state a valid
18  Monell claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
19  Similarly, Plaintiff added very few factual allegations in
20  support of her other claims, despite the Order's finding that she
21  failed to allege any facts regarding certain Defendants (Apr. 2,
22  2014 Order at 17-18), failed to state valid claims against others
23  (id. 19-21), and failed to state viable claims for excessive
24  force, deliberate indifference to a serious medical need, false
25  arrest, unlawful detention, or unlawful search and seizure (id.
26  at 21-33).
27      Plaintiff also continues to assert claims for violations of
28  criminal statutes despite being advised that she has no standing

4

to do so. (See Apr. 2, 2014 Order at 33; FAC at 77-78 (claim for "obstruction of justice"), 91 (alleging "Continuing Obstruction of Justice and Perjury committed under Oath by Government Officials Acting Under Color of Law in Small Claims Case")). And the FAC, like the original Complaint, is subject to dismissal under Federal Rule of Civil Procedure 8 (see Apr. 2, 2014 Order at 8-10), in part because it is replete with irrelevant details and prolix arguments, making it impossible for the Court to decipher whether any of Plaintiff's many claims have merit. See Fed. R. Civ. P. 8(a) (complaint must contain "short and plain statement of the claim showing that the pleader is entitled to relief"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8).

Although the Court is skeptical that Plaintiff can amend her complaint to state viable claims, she is granted one more opportunity to file an amended complaint that remedies the deficiencies discussed above and in the April 2, 2014 Order. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear deficiencies cannot be cured by amendment). If Plaintiff desires to pursue any of the claims in the FAC, she is ORDERED to file a Second Amended Complaint within 28 days of the service date of this Order, remedying the deficiencies discussed above and in the April 2, 2014 Order. The SAC should bear the docket number assigned to this case, be

labeled "Second Amended Complaint," and be complete in and of itself without reference to the FAC or any other pleading, attachment, or document.  The Clerk is directed to provide Plaintiff with a Central District of California Civil Rights Complaint Form, CV-66, to facilitate Plaintiff's filing of a SAC if she elects to proceed with this action; **she should use that form and should attach at most a few continuation pages, omitting argument, irrelevant facts, and immune Defendants.**  Any amended complaint must also comply with the Local Rules' formatting requirements, including that printing be double spaced and in appropriately sized font.  See Local Rs. 11-3.1.1, 11-3.6.

**Plaintiff is admonished that if she once again fails to timely file an amended complaint that complies with the Court's orders, the Court will likely dismiss her case with prejudice for failure to follow a court order, failure to state a valid claim, failure to diligently prosecute, or all of these reasons.**

DATED: June 20, 2014

_____
JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE